O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **MICHAEL D. FULTON,** | ) | NO. CV 10-0137-GAF (MAN) |
| | ) | |
| **Plaintiff,** | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | |
| v. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| **THAYER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, on January 27, 2010 ("Complaint"). Plaintiff names the following defendants: Officers Thayer, Garcia, Gonzalez, and Vasquez of the Los Angeles Police Department, Southwest Division (called "Southwest Police Department" in the Complaint); Parole Agents L. Robles and C. Ramirez; Board of Parole Hearings Deputy Commissioner Perez; parole revocation counsel Nima M. Tehrany; and the owners or managers of the Twin Tower Motel.

Congress has mandated that courts perform an initial screening of

civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity. The Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). In screening such a complaint, the Court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. *See* Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Id.*; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**ALLEGATIONS OF THE COMPLAINT**

On May 25, 2009, as plaintiff and his nephew Michael Boddie walked out of Boddie's girlfriend's apartment, they were confronted by Officers Thayer, Garcia, Gonzalez, and Vasquez, all of whom pointing their guns at plaintiff and Boddie. (Complaint at 5, 6a.) Officer Thayer placed Boddie on the ground and handcuffed him. (*Id.* at 5.) When plaintiff protested that he and Boddie had not done anything to justify arrest, Officer Thayer stated that the location was a Blood gang hangout. (*Id.* at 5-6.) Plaintiff disagreed and told Officer Thayer that the officers were violating his and Boddie's rights. (*Id.* at 6.) Officer Thayer stated that the officers had "a court order that [gave] them the right to lynch" African-Americans. (*Id.*) Plaintiff cautioned his friends and

relatives to watch out so as to ensure that the officers did not plant any guns or drugs on them. (*Id.*) Officers Thayer and Garcia then grabbed plaintiff and slammed him to the ground. (*Id.*) As a result of plaintiff's neck and shoulders hitting the ground, he suffers from neck spasms that prevent him from holding his head up straight. (*Id.* at 6-6a.) Plaintiff also has bone fragments in his shoulder and numbness and loss of movement in his left arm. (*Id.* at 3-4, 6a.)

The "court order" allegedly mentioned by Officer Thayer is a gang injunction. (Complaint at 6.) Plaintiff alleges that Officers Thayer, Garcia, Gonzalez, and Vasquez misuse the gang injunction to terrorize African-American communities "with threats of legal authority to lynch or execute [African-Americans] without due process of law." (*Id.* at 6, 6a.)

Plaintiff further alleges that, on September 5, 2007, Parole Agent L. Robles imposed a special condition of parole that precluded plaintiff from associating with members of the Piru Blood gang. (Complaint at 6a.) As a result of his May 25, 2009 arrest, plaintiff was charged with violating this parole condition. On June 30, 2009, plaintiff appeared at a parole revocation hearing before Deputy Commissioner Perez. (*Id.* at 6b.) Plaintiff complains that Perez allowed Parole Agent Ramirez to identify plaintiff falsely as an associate of the Piru Blood gang by introducing a fraudulent "CDC 812" form.[1] (*Id.*) Perez ruled that the CDC 812 form was valid and that it constituted sufficient evidence of

---

[1] Presumably plaintiff is referring to "CDC Form 812-A, Notice of Critical Information -- Prison Gangs Identification." Cal. Code Regs. tit 15, § 3378(a).

plaintiff's nexus to a gang. (*Id.*) Plaintiff's parole was revoked, and he was returned to prison. (*Id.* at 6a-6b.)

Once in prison, plaintiff submitted an administrative appeal requesting copies of his CDC 812 form and other gang documentation. (Complaint at 6a, 6b, 6c.) On October 24, 2009, plaintiff's administrative appeal was denied on the ground that his central file does not contain any documentation indicating gang affiliation. (*Id.* at 6a.) Plaintiff's correctional counselor later confirmed that there is no gang documentation in plaintiff's file. (*Id.* at 6a-6b.) Plaintiff has attached to the Complaint copies of prison records stating that he has no gang affiliation. (Complaint, Exs., *passim*.)

Plaintiff was represented at his parole revocation hearing by parole revocation counsel Tehrany. (Complaint at 6c.) Prior to the hearing, plaintiff suggested that Tehrany review plaintiff's central file or request documents from it, but Tehrany declined to do so. (*Id.* at 6c.) Plaintiff contends that if his suggestion had been followed, Tehrany would have discovered that there was no gang documentation in plaintiff's file and would have been able to cross-examine Ramirez more effectively. (*Id.* at 6c, 6e.)

Plaintiff further alleges that, on May 27, 2009, his brother went to the Twin Towers Motel to retrieve plaintiff's property but was told by the owner's daughter that Ramirez had instructed her not to give plaintiff's property to anyone without "his" authorization.[2] (Complaint

---

[2] It is unclear from the Complaint whether plaintiff is alleging that Ramirez told the motel staff to obtain Ramirez's authorization or

4

at 6c.) Plaintiff's sister-in-law contacted Ramirez, who suggested that plaintiff write a letter of authorization. (*Id.*) Plaintiff wrote a letter authorizing his brother and two other persons to retrieve his property, but the motel staff still refused to turn it over. (*Id.* at 6d.) Plaintiff's brother left the authorization and his phone number with the motel, but no one ever contacted him. (*Id.*) Plaintiff still has not recovered his property. (*Id.*)

The Court liberally construes the Complaint to assert the following claims: excessive force claims against defendants Thayer and Garcia; claims against defendants Thayer, Garcia, Gonzalez, and Vasquez arising out of plaintiff's arrest; a due process claim against defendant Robles based on his imposition of an unwarranted special condition of parole; a due process claim against defendant Ramirez for introducing allegedly false and fraudulent evidence at plaintiff's parole revocation hearing; a due process claim against defendant Perez for violation of plaintiff's right to an impartial hearing officer at his parole revocation hearing; an ineffective representation claim against plaintiff's parole revocation counsel (Tehrany); and a due process claim against the owners or managers of Twin Towers Motel for deprivation of plaintiff's property. (Complaint at 6, 6e.)

Plaintiff seeks damages. (Complaint at 6, 6e.)

---

plaintiff's.  Plaintiff's subsequent allegations suggest that it was plaintiff's authorization that was required, but in his attached grievance, plaintiff asserted that Ramirez told the motel staff to seek Ramirez's authorization.  (Complaint at 6c, Ex. E-1.)

5

**DISCUSSION**

I. **PLAINTIFF'S EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS THAYER AND GARCIA WITHSTAND SCREENING**.

Plaintiff contends that defendants Thayer and Garcia used excessive force against him during his arrest. (Complaint at 3-4.)

Plaintiff's excessive force claims arise under the Fourth Amendment. *See* Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867-68 (1989)(Fourth Amendment governs claims for excessive force during arrest); *see also* Freeland v. Sacramento City Police Dept., 2010 WL 408908, *12 (E.D. Cal., Jan. 29, 2010)(Fourth Amendment governed claim of excessive force during arrest for suspected parole violation); Williams v. County of Riverside, 2008 WL 4791291, *7 (C.D. Cal., Oct. 29, 2008)(Fourth Amendment governed excessive force claim brought by "parolee at large"). At this early stage of the action, plaintiff's Fourth Amendment excessive force claims against defendants Thayer and Garcia withstand screening. Nevertheless, because the Court is dismissing the Complaint due to the insufficiency of plaintiff's other claims, plaintiff must re-allege his excessive force claims against defendants Thayer and Garcia, and the supporting factual allegations, in his First Amended Complaint in order to pursue them.

///
///
///
//
///

## II. **PLAINTIFF'S CLAIMS AGAINST DEFENDANTS THAYER, GARCIA, GONZALEZ, AND VASQUEZ BASED ON HIS ARREST AND SUBSEQUENT PAROLE REVOCATION MUST BE DISMISSED**.

As discussed above, the Court has already concluded that plaintiff states a Fourth Amendment excessive force claim against defendants Thayer and Garcia. However, the nature of plaintiff's other claims against defendants Thayer and Garcia, and of his claims against defendants Gonzalez and Vasquez, is far from clear. Plaintiff alleges that these defendants misuse their power under the gang injunction by conspiring with legal authorities to "lynch or execute" African-Americans. (Complaint at 3-5.) Plaintiff also alleges that these defendants knew of a conspiracy to violate his civil rights, had the power to prevent it, and did not do so. (*Id.* at 5.) Plaintiff refers to his "false arrest." (*Id.*)

Plaintiff's allegations fall short of a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff appears to be alleging that, by arresting him under the gang injunction, defendants Thayer, Garcia, Gonzalez, and Vasquez participated in a conspiracy to revoke his parole for violation of a wrongfully imposed parole condition. If this is plaintiff's claim, it is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Under Heck, a prisoner may not seek damages under Section 1983 based on allegations that imply the invalidity of his confinement until he has established, through appropriate state remedies or a federal habeas action, that his confinement is illegal. *Id.* at 486-87, 114 S. Ct. at 2372. Courts

7

apply the Heck doctrine to parole revocation proceedings. *See, e.g.,* Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995)(Heck barred claim that plaintiff's rights were violated in connection with parole revocation); Dobshinsky v. Pleasant Valley State Prison, 2008 WL 227942, *3 (E.D. Cal., Jan. 28, 2008), *adopted*, 2008 WL 795267 (E.D. Cal., Mar. 25, 2008)(same); Quintana v. Gates, 2004 WL 1661540, *6 (C.D. Cal., July 20, 2004)(same); *see also* Spencer v. Kemna, 523 U.S. 1, 17, 118 S. Ct. 978, 988 (1998)(Souter, J., concurring, joined by three justices)(assuming, without deciding, that Heck applies to parole revocations).

The decision revoking plaintiff's parole has not been invalidated, and he is still serving his parole revocation term. (Complaint at 5, 6.) To the extent plaintiff's claims against defendants Thayer, Garcia, Gonzalez, and Vasquez imply the invalidity of the revocation of his parole, they are barred by Heck and subject to dismissal.

### III. **PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ROBLES, RAMIREZ, AND PEREZ MUST BE DISMISSED**.

Plaintiff alleges that, on September 5, 2007, Parole Agent Robles imposed on him a special condition of parole prohibiting him from associating with gang members. (Complaint at 5.) Plaintiff contends that this special condition was not warranted, because there was no documentation in plaintiff's prison file linking him to a gang. (*Id.*) Plaintiff's parole was subsequently revoked for violating this special condition. (*Id.* at 6a.) At the revocation hearing, Parole Agent Ramirez introduced evidence, alleged to be fabricated, of plaintiff's

8

gang association; Deputy Commissioner Perez relied on this evidence, making statements about the validity of the documentation that plaintiff contends demonstrated his bias. (*Id.* at 6b.)

As discussed above, plaintiff's claims calling into question the validity of the revocation of his parole are <u>Heck</u>-barred. Furthermore, parole officials have absolute quasi-judicial immunity for decisions to grant, deny, or revoke parole and actions integrally related to those decisions. <u>Swift v. California</u>, 384 F.3d 1184, 1189 (9th Cir. 2004); <u>Anderson v. Boyd</u>, 714 F.2d 906, 909 (9th Cir. 1983); *see* <u>Sellars v. Procunier</u>, 641 F.2d 1295, 1303 (9th Cir. 1981)(acknowledging that absolute immunity might leave "genuinely wronged" prisoners without civil redress against parole officials who wrongfully deprived them of liberty, but concluding that the broader public interest is best served by granting parole officials the same immunity as judges). Parole officials are also immune from liability for the imposition of parole conditions, because these are an integral part of the decision to grant parole. <u>Swift</u>, 384 F.3d at 1189; <u>Anderson</u>, 714 F.2d at 909; <u>Cordell v. Tilton</u>, 515 F. Supp. 2d 1114, 1120 (S.D. Cal. 2007).

Plaintiff's claims against defendant Robles arise out of the imposition of a parole condition, the violation of which led to the revocation of his parole. His claims against defendants Ramirez and Perez arise out of his parole revocation proceedings. Thus, in addition to the bar of <u>Heck</u>, plaintiff's claims against these three defendants are barred by absolute quasi-judicial immunity.

## IV. **PLAINTIFF CANNOT STATE A SECTION 1983 CLAIM FOR INEFFECTIVE REPRESENTATION BY HIS PAROLE REVOCATION COUNSEL.**

Plaintiff contends that defendant Tehrany, his parole revocation counsel, rendered ineffective assistance at plaintiff's hearing and, thus, contributed to the revocation of his parole. (Complaint at 6c.)

To state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254 (1988). In general, defense counsel does not act under color of state law when representing the accused, and this rule applies to retained counsel as well as public defenders and other appointed counsel. *See* Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981) (appointed counsel in commitment proceeding and public defender representing plaintiff on appeal were immune from Section 1983 liability); Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977)(privately retained counsel was immune from Section 1983 liability). Although a private person may act under color of state law when engaged in a conspiracy with state officials to deprive a person of federal rights -- *see* Tower v. Glover, 467 U.S. 914, 920-23, 104 S. Ct. 2820, 2284-86 (1984), and Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S. Ct. 183, 186 (1980) -- plaintiff does not allege a conspiracy between Tehrany and state officials. In any event, even if plaintiff did allege such a conspiracy, his claim against

10

1 Tehrany would still be subject to dismissal under <u>Heck</u> for the same
2 reasons as plaintiff's other claims arising out of his parole revocation
3 proceedings.

5 Accordingly, plaintiff's claims against defendant Tehrany must be
6 dismissed.

8 **V.   <u>PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE OWNERS OR
9    MANAGERS OF THE TWIN TOWERS MOTEL</u>.**

11 Plaintiff asserts a due process claim against the owners or
12 managers of the Twin Towers Motel based on the loss of his personal
13 property.  (Complaint at 6e.)

15 As an initial matter, although plaintiff names the Twin Towers
16 Motel (an entity whose nature he does not specify) as a defendant in the
17 caption of the Complaint, it is apparent from the body of the Complaint
18 that his claims are against the unnamed owners or managers of the motel,
19 and the Court will treat them as such.  (Complaint at 5b.)  The owners
20 or managers of the motel, like the motel itself, are private parties.
21 In general, private parties do not act under color of state law for
22 purposes of Section 1983.  <u>Price v. State of Hawaii</u>, 939 F.2d 702,
23 707-08 (9th Cir. 1991).  Private parties may be sued under Section 1983
24 when they enter into a conspiracy, or engage in joint action, with state
25 officials with respect to the deprivation at issue.  *Id.; see* <u>Dennis</u>,
26 449 U.S. at 27-28, 101 S. Ct. at 186.

28 Here, plaintiff alleges that Parole Agent Ramirez told motel staff

11

1  not to return plaintiff's personal property to him without his
2  authorization.³ (Complaint at 6c.) When plaintiff's sister-in-law
3  contacted Ramirez, he told her that plaintiff needed to write a letter
4  of authorization. (*Id.*) Plaintiff followed Ramirez's advice and wrote
5  a letter of authorization, but the motel staff still did not return his
6  property. (*Id.* at 6c-6d.) Thus, according to plaintiff's own
7  allegations, the motel staff was not acting jointly with Ramirez when
8  it deprived him of his property.

10  Moreover, even if plaintiff were able to allege facts showing that
11 defendant Ramirez's involvement in the motel's refusal to return
12 plaintiff's property was such that the deprivation must be deemed to
13 have occurred under color of state law, plaintiff cannot allege a due
14 process claim on this basis, because he has an adequate remedy through
15 a state tort action. The availability of a state post-deprivation
16 remedy precludes relief because it provides sufficient procedural due
17 process. *See* Zinermon v. Burch, 494 U.S. 113, 129-32, 110 S. Ct. S. Ct.
18 975, 985-87 (1990)(because state cannot foresee random and unauthorized
19 deprivation and thus cannot provide a meaningful pre-deprivation
20 hearing, due process is satisfied by a statutory provision for post-
21 deprivation hearings or common law tort remedy); King v. Massarweh, 782
22 F.2d 825, 827 (9th Cir. 1986)(holding that plaintiffs alleging loss of
23 property as a result of unauthorized police conduct were "relegated to
24 the post-deprivation remedies available through the civil tort law

---

³ Again, although the Complaint is unclear regarding whether "his" refers to Ramirez or to plaintiff, in the grievance attached to the Complaint, plaintiff clearly specified that Ramirez's authorization was required.

12

process for their due process claims"). If the conduct of the motel owners/manager could be deemed to constitute actions under color of state law, plaintiff has an adequate state law remedy available to him with respect to the alleged deprivation of his property, namely, a state tort action. Whether plaintiff succeeds in redressing his loss is immaterial; the mere existence of an alternate remedy bars him from pursuing a Section 1983 procedural due process claim. <u>Willoughby v. Luster</u>, 717 F. Supp. 1439, 1443 (D. Nev. 1989).

Accordingly, plaintiff's claims based on the loss of his property must be dismissed.

**VI.  PLAINTIFF FAILS TO STATE OFFICIAL CAPACITY CLAIMS AGAINST ANY DEFENDANT.**

Plaintiff sues defendants Thayer, Garcia, Gonzalez, and Vasquez in their official, as well as individual, capacities.[4] (Complaint at 3-5, 5a.)

Defendants Thayer, Garcia, Gonzalez, and Vasquez are officers of the Los Angeles Police Department ("Police Department"). (Complaint at 3-4.) Because an official capacity claim is merely another way of pleading a claim against the governmental entity of which the official

---

[4] Plaintiff also sues defendants Robles, Ramirez, and Perez in both official and individual capacities, but the Court has already concluded that all claims against these parole officials are barred by absolute quasi-judicial immunity. Thus, the Court will not address these defendants' Eleventh Amendment immunity from official capacity claims for damages.

13

is an agent, see Monell v. Department of Social Services, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55 (1978), plaintiff's official capacity claims against them are claims against the Los Angeles Police Department or the City of Los Angeles ("City").

A local governmental entity such as the City or the Police Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38. Thus, a local governmental entity is not liable for the acts of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers" or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 690-91, 98 S. Ct. at 2035-36.

The Complaint contains no allegations regarding any official policy, custom, or practice pursuant to which the defendant police officers inflicted the alleged constitutional deprivations. See Monell, 436 U.S. at 690-91, 694, 98 S. Ct. at 2035-36, 2037-38; Karim-Panahi, 839 F.2d at 624. This deficiency mandates the dismissal of plaintiff's official capacity claims against these defendants.

14

**CONCLUSION**

For the foregoing reasons, the Complaint is dismissed with leave to amend. If plaintiff wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the First Amended Complaint described herein. The First Amended Complaint, if any, shall be complete in itself. It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: March 19, 2010

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

15